UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                                         Case Number 10-20018-BC
v.                                                          Honorable Thomas L. Ludington

CAROLYN RENEE MOORE, LEANA B.
MCGEE, TAWHONA LATRICE HUNT,
and TIARA MICHELLE BASKIN,

        Defendants.
_____ /

## OPINION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE, GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO SEVER, AND DETERMINING EXCLUDABLE

On January 13, 2010, a grand jury in the Eastern District of Michigan returned a 126-count indictment against Defendant Carolyn Renee Moore, alleging 65 counts of filing a tax return listing fraudulent deductions in violation of 26 U.S.C. § 7206(2); 60 counts of transmitting by wire a tax return with fraudulent deductions in violation of 18 U.S.C. § 1343; and one count of conspiracy to transmit by wire a tax return with fraudulent deductions in violation of 18 U.S.C. § 1349. On May 25, 2010, the grand jury returned a superseding indictment naming three additional defendants, Tiara Michelle Baskin, Tawhona Latrice Hunt, and Leana B. McGee, and adding one additional count, conspiring to commit mail fraud in violation of 18 U.S.C. § 1349. The additional defendants were charged only in count 127 of the superseding indictment. Defendant Moore was charged in each of the 127 counts.

**I**

On November 2, 2010, Defendant Baskin filed a motion seeking to be tried separately from

the other defendants. [Dkt. # 56]. Both Defendants McGee and Moore have joined, at least in part, Defendant Baskin's motion. [Dkt. # 63, 69]. Defendant Baskin contends that the indictment misjoined defendants who did not participate in the same "act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b); *compare* Fed. R. Crim. P. 14(a) (permitting district courts to sever defendant if joinder is prejudicial). Defendant Baskin contends that the conduct charged in count 127 is substantially different from the conduct charged in counts 1 through 126, and that the evidence against Defendant Moore on counts 1 through 126 would be prejudicial to Defendant Baskin's defense of count 127. Counts 1 through 126 allege that Defendant Moore filed or conspired to file federal tax returns with fraudulently inflated deductions. By contrast, count 127 contends that Defendants Moore, Baskin, Hunt, and McGee conspired to submit fraudulent invoices to Progressive Michigan Insurance Company for home health care services allegedly provided to Moore by Baskin, Hunt, and McGee.

Defendant Baskin relies principally on Federal Rule of Criminal Procedure 8(b),[1] which provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

"[F]ailure to meet the requirements of this rule constitutes misjoinder as a matter of law. Questions of prejudice are properly raised under Rule 14 only if the joinder of multiple defendants is proper under Rule 8(b)." *United States v. Hatcher*, 680 F.2d 438, 440 (6th Cir. 1982). Defendant Baskin

---

[1] Although the indictment joins multiple Defendants and multiple counts, "joinder of multiple defendants in an indictment is tested under Rule 8(b), not under Rule 8(a)." *United States v. Saleh*, 875 F.2d 535, 538 (6th Cir. 1989).

contends that the tax fraud alleged in counts 1 through 126 cannot be considered part of the same act, or series of acts, as the health insurance fraud alleged in count 127. As a result, Defendant Baskin contends that she was misjoined with Defendant Moore as a matter of law. Defendant Baskin also argues that she was misjoined with Defendants McGee and Hunt, because she did not know either of them or whether they performed, or invoiced, medical services for Defendant Moore. Defendant Baskin contends, in the alternative, that even if the indictment properly joins the Defendants, severance is appropriate because the joinder is prejudicial under Rule 14.

In response, the government observes that "Rule 8(b) should be construed to favor joinder in order to promote judicial economy." *United States v. Johnson*, 763 F.2d 773, 776 (6th Cir. 1985) (citing *Hatcher*, 680 F.2d at 440). The government further emphasizes that severance should be granted under Rule 14(a) " 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.' " *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). Moreover, " '[t]he fact that a defendant may have a better chance at acquittal' " does not require severance under Rule 14(a). *Id.*, (quoting *United States v. DeFranco*, 30 F.3d 664, 669–70 (6th Cir. 1994). The defendant must demonstrate " ' "substantial," "undue," or "compelling" prejudice.' " *Id.*

As an initial matter, the government's response does not directly address the principle contention in Defendant Baskin's motion. The issue is whether the 126 counts of tax fraud are part of the same "act or transaction" or "series of acts or transactions" as the single count of insurance fraud. Fed. R. Crim. P. 8(b). Whether trying the tax fraud counts in conjunction with the insurance fraud count would be prejudicial to Defendant Baskin is a secondary issue. Fed. R. Crim. P. 14. If

the mail fraud alleged to have been committed by all four Defendants in count 127 was not part of the same "series of acts or transactions" as the tax fraud alleged to have been committed by Defendant Moore alone in counts 1 through 126, the Defendants must be severed under Rule 8(b) regardless of whether the joinder was prejudicial under Rule 14.

With those principles in mind, the Defendants' motions for severance must be granted in part because the alleged insurance fraud that led to the charge in count 127 was not part of the same "series of acts or transactions" as the tax fraud that led to the charges in counts 1 through 126. The elements of the offense charged in count 127 are that two or more people agreed to participate in a fraud, the successful completion of the fraud required the use of United States mail, and an act was committed by one of the conspirators in furtherance of the fraud. 18 U.S.C. §§ 1341, 1349. The indictment charges that the four defendants conspired to bill Progressive Michigan Insurance Company for home health care allegedly provided to Defendant Moore, and that the Defendants did bill Progressive for home health care that was not actually provided. The indictment further charges that the United States mail was used in furtherance of the fraud because the Defendants received checks from Progressive through the mail. The indictment further charges that Defendant "Moore prepared tax returns for Leana B. McGee, Tawhona Latrice Hunt, and Tiara Michelle Baskin, using false information to reduce or eliminate taxes that should have been paid" in connection with the income they received from Progressive.

The actual offense charged in count 127 occurred when the Defendants conspired to use the United States mail to bill Progressive for home health care that was never performed. Whether or not Defendants also filed fraudulent tax returns, while potentially relevant because it was alleged to be part of the scheme, is not a necessary element of the crime. Neither Defendant Moore nor

Defendant Baskin was charged with filing a fraudulent tax return on behalf of Defendant Baskin. Indeed, counts 1 through 65 of the superseding indictment charge Defendant Moore with filing false tax returns on behalf of 65 individuals or married couples filing jointly, but not on behalf of Defendant Baskin. There does not seem to be any connection between the tax fraud and the insurance fraud other than the fact that Defendant Moore was allegedly a participant in both schemes.

The Sixth Circuit has explained that a group of acts or transactions qualifies as a "series" of acts or transactions for the purpose of Rule 8(b) if the group of acts or transactions is "logically interrelated" or part of a "common scheme or plan." *Johnson*, 763 F.2d at 776. In *Johnson*, Rosemary Johnson challenged her joinder in a five-count indictment charging five co-defendants with engaging in a scheme to obtain fraudulent titles for stolen cars in an attempt to legitimize the defendants' possession of the vehicles. *Id.* at 774. Johnson was charged only in count five of the indictment with mail fraud. *Id.* The other four defendants were charged with conspiracy to transport stolen vehicles in interstate commerce and transporting stolen vehicles in interstate commerce. *Id.* One of the co-defendants was Rosemary Johnson's husband, a police officer named Robert Johnson. *Id.*

Rosemary Johnson participated in the scheme by obtaining a fraudulent title from a co-defendant who was an employee of the Michigan Secretary of State for a stolen 1980 Cadillac. *Id.* at 776. She then reported the vehicle as stolen and attempted, using the fraudulent title, to prove ownership. *Id.* Thereafter, she used the United States mail in an attempt to collect a $13,000 insurance claim. Meanwhile, her husband dismantled the Cadillac with a blow torch and sold the parts. *Id.* The other defendants, including Johnson's husband, where charged with obtaining

fraudulent titles from the same source as Rosemary Johnson, transporting the stolen vehicles to Louisiana, and using the fraudulent Michigan titles to retitle the vehicles in Louisiana. *Id.* The Sixth Circuit determined that the mail fraud charge was "logically interrelated" to the other crimes charged in the indictment because each count involved obtaining a fraudulent title from the same source and using the fraudulent title in an attempt to legitimize a criminal act. *Id.*

By contrast, in *Hatcher*, two defendants were charged with three counts of distributing heroin and one of the defendants was also charged with three counts of distributing cocaine. 680 F.2d at 440. Defendant Haralabos Manetas provided the heroin that his co-defendant sold, but he had no involvement in cocaine distribution. *Id.* at 440–42. After a joint trial where Manetas was convicted on all three heroin charges and his co-defendant was convicted on all six charges, Manetas appealed, contending that his was misjoined with his co-defendant under Rule 8(b). *Id.* The Sixth Circuit reversed Manetas' convictions, concluding that the two defendants were misjoined because there was "no connection" between the cocaine charges and the heroin charges other than the fact that they were both narcotics crimes. *Id.*

In this case, the offense charged in count 127 does not involve conduct that is "logically interrelated" to the offenses charged in counts 1 through 126. Indeed, the only relationship between the insurance fraud and the tax fraud schemes is that they both involve fraud and they both involve Defendant Moore. There is an insufficient connection between the 126 counts of tax fraud and the single count of insurance fraud to justify a single indictment or a single trial. Fed. R. Crim. P. 8(b). Accordingly, the motions to sever must be granted in part and count 127 must be separated from the other 126 counts.

Defendant Baskin seeks to be tried separately from all of her co-defendants because she did

not know that the other Defendants were also billing Progressive for home health care services. Defendant Baskin has not, however, established that three separate trials are required by the rules.[2] The government alleges that Defendant Baskin conspired with Defendant Moore to defraud an insurance company. It further alleges that McGee and Hunt also conspired with Defendant Moore to defraud the same insurance company through the same scheme. As the government emphasizes, it is not necessary to try or charge them all separately even if Baskin did not know about the involvement of McGee and Hunt. *See* Sixth Circuit Criminal Jury Instruction 3.03 (noting that proof of a conspiracy does not require "proof that the defendant knew everything about the conspiracy, or everyone involved, or that she was a member of it from the very beginning"). A defendant may be charged and tried for participating in a conspiracy even if the conspiracy she allegedly participated in was more extensive than she understood.

"A motion for severance based on misjoinder under Rule 8 alleges an error in the indictment, and severance *must* be granted if the defendants were improperly joined." *United States v. Williams*, 711 F.2d 748, 750 (6th Cir. 1983). Thus, in accordance with the discussion at the February 23, 2011 status conference, Defendant Moore will be tried first on counts 1 through 126. Defendants Moore, McGee, and Baskin will then be tried jointly on count 127.

Defendant Baskin's also argues, in the alternative, that her case should be severed from the other Defendants under Rule 14. Rule 14 provides that "the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires" if it appears a defendant or the government would be "prejudice[d]" by a joint trial. Defendant Baskin contends

---

[2] Defendant Hunt has already entered a guilty plea to count 127 and was sentenced to thirty-six months of probation on January 20, 2011.

that she would be prejudiced by a joint trial because the difference in the quantity of proofs between herself and the other Defendants and the fact that many of the proofs will be admissible only against Defendant Moore. *See Hatcher*, 680 F.2d at 442; *United States v. Baker*, 98 F.3d 330 (8th Cir. 1996). Defendant Baskin also emphasizes that there is a risk she will be found guilty based on her co-Defendants criminal conduct. *See Zafiro v. Untied States*, 506 U.S. 534, 539 (1993).

Defendant Baskin has not met her burden of demonstrating prejudice that can only be cured by separate trials. *See id.* ("[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."). Severing counts 1 through 126 from count 127 will provide balance to the quantum of evidence that will be entered against each individual Defendant, and jury instructions will provide further guidance, where necessary, if certain evidence is relevant as to only one of the defendants. Even if there is no connection between Defendant Baskin and Defendant McGee, the jury instructions will also make clear that determinations of guilt must be made on an individual basis.

A final note on the motions to sever is in order. Defendant Baskin also filed a motion in limine along with a supplemental brief concerning her motion to sever on February 9, 2011 [Dkt. # 67, 68]. Defendant Baskin observed that she would withdraw her motion to sever if the motion in limine were denied. As will be explained, the motion in limine must be denied. The motion to sever, however, must still be granted in part based on the Court's conclusion that the Defendants were misjoined. When there is a misjoinder under Rule 8(b), the indictment is defective and severance cannot be waived. *Williams*, 711 F.2d at 750.

**II**

Defendant Baskin filed a motion in limine on February 9, 2011, seeking to exclude evidence of the allegedly fraudulent tax returns because they are irrelevant, and even if they were relevant, their probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 401, 402, 403. Defendant Baskin also contends that the tax returns would not be offered for a proper purpose under Rule 404(b). Defendant Baskin's motion in limine was joined by Defendant McGee but not Defendant Moore.

At the outset, it is important to recognize that the only question before the Court is whether the tax returns filed by Defendants McGee and Baskin reflecting income arising from healthcare services they provided to Defendant Moore are admissible evidence. Whether the tax returns that are the subject of counts 1 through 126 are admissible as 404(b) evidence against Defendant Moore during the trial on count 127 is a separate question that will be addressed, if necessary, at a later date.

The government alleges that as part of the ways and means of the conspiracy to commit mail fraud, Defendants Baskin and McGee conspired with Defendant Moore to fraudulently inflate the deductions on their income tax returns and thereby retain more of the money generated by the insurance fraud scheme. Defendants Baskin and McGee contend their tax returns are not relevant, even if the deductions are inflated, because the necessary elements of the conspiracy were completed when the allegedly fraudulent invoices were submitted to the insurance company and payments were received.

Rule 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than

it would be without the evidence." Fed. R. Evid. 401; *see also United States v. Whittington*, 455 F.3d 736, 738 (6th Cir. 2006) (noting that the test for relevancy is "extremely liberal" (citation and quotation marks omitted)). If, as the government contends, Baskin and McGee conspired with Moore to defraud an insurance company with the use of the U.S. Mail, the fact that they then lied on their tax returns in an attempt to retain more of the proceeds of their conspiracy is relevant. It tends to show that the conspiracy existed. According to the government's theory of the case, Defendant Moore coaxed her co-Defendants into submitting fraudulent bills for medical services to Progressive Michigan and then splitting the proceeds with her, Defendant Moore then assisted her co-Defendant's with fraudulent tax returns to ensure they would retain a larger portion of their share. Those tax returns are relevant evidence.

Defendants Baskin and McGee also contend that the tax returns should be excluded under Rule 404(b), which prohibits the government from introducing evidence of prior bad conduct in an effort to show the defendant has a propensity for engaging in bad conduct. Fed. R. Evid. 404(b). Rule 404(b) is not, however, implicated at all where the evidence is offered for some other purpose. Here, where the bad conduct tends to demonstrate that the Defendants are guilty of the charged offense, Rule 404(b) has no impact. The allegedly fraudulent tax returns were part of the conspiracy, not an extraneous instance of bad conduct.

Finally, Defendants contend that the tax returns should be excluded because their "probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. "[U]nfair prejudice within this context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). Defendants have not demonstrated that the tax returns are unfairly prejudicial under

Rule 403.  The tax returns would not lead a jury to reach a conclusion on an improper basis.

### III

Accordingly, it is **ORDERED** that Defendants' motions to sever [Dkt. # 56, 63] are **GRANTED IN PART**.  The offenses charged against Defendants Baskin and McGee in count 127 were misjoined with the offenses charged in counts 1 through 126 against Defendant Moore.  Fed. R. Crim. P. 8(b).

It is further **ORDERED** that Defendant's motion in limine [Dkt. # 68] is **DENIED**.

It is further **ORDERED** that the final pretrial conference and plea cutoff date for all Defendants will be **March 15, 2011 at 2:30 p.m.**  Defendant Moore will be tried on counts 1 through 126 beginning on **April 12, 2011 at 8:30 a.m.**  The trial date for Defendants Moore, Baskin, and McGee on count 127 will be determined at the close of the first trial.

It is further **ORDERED** as to Defendant Moore and counts 1 through 126, the time between the February 22, 2011 status conference and the April 12, 2011 trial date is excluded based on the Court's determination that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Pursuant to Defendant Moore's request, and the agreement of the attorney for the government and the attorneys for Defendants Baskin and McGee at the February 22, 2011 status conference, Defendant Moore requires additional time to prepare for trial because of the large number of witnesses and her counsel's late appearance in the case due to the illness of her former counsel.

It is further **ORDERED** that as to Defendants Moore, Baskin, and McGee and count 127, the time between February 22, 2011 and the completion of the April 12, 2011 trial is excluded based on the Court's determination that "the ends of justice served by taking such action outweigh the best

interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Pursuant to the agreement of all the parties at the February 22, 2011 status conference, it will be a more efficient to try Defendant Moore on counts 1 through 126 before Defendants Moore, Baskin, and McGee are tried on count 127.

                                                  s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

Dated: March 2, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 2, 2011.

                                  s/Tracy A. Jacobs
                                  TRACY A. JACOBS

---